UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER ALEXANDER PAIZ RIOS, Petitioner, v. ACTING WARDEN, et al., Respondents. | Case No. 5:26-cv-04354-SSC<br><br>MEMORANDUM AND ORDER GRANTING UNOPPOSED HABEAS PETITION |

On August 3, 2026, Petitioner Walter Alexander Paiz Rios filed this counseled petition for writ of habeas corpus by a person in federal custody pursuant to 28 U.S.C. § 2241. (ECF 1.) Petitioner is a citizen of Nicaragua currently in immigration detention in Adelanto, California. (*Id.* at 2.)

Petitioner alleges that he most recently entered the United States on December 11, 2022 without inspection, and he was "arrested by immigration agents upon entering, detained for less than a week, and then released with what he recalls being parole under INA 212(d)(5)."[1] (*Id.* at 4.) Petitioner applied for asylum and related relief on May 22,

[1] Because Respondents have provided no information about Petitioner, all facts contained herein are taken directly from the petition unless otherwise noted.

2023. (*Id.* at 6.) He also applied for and was granted an employment authorization document, which is valid from December 6, 2023 to December 5, 2028. (*Id.*)

Petitioner was re-detained on July 13, 2026, when attending an Immigration and Customs Enforcement (ICE) appointment in Los Angeles, California. (*Id.* at 7.) He was not provided any reason for the revocation of his parole, including written notice of the reasons his parole was being revoked, and he was not provided with any pre-deprivation hearing or other due process. (*Id.*) ICE took Petitioner's documents, including the document showing that he has 212(d)(5) parole and that he attended all his ICE appointments. (*Id.*) These documents are in the possession of the Respondents. (*Id.*)

Petitioner argues that his re-detention violated due process protections under the Fifth Amendment, the Administrative Procedure Act, and the Immigration and Nationality Act. (*Id.* at 19–21.) In the prayer for relief, Petitioner seeks immediate release from custody.[2] (*Id.* at 21.)

Respondents filed an answer to the petition stating that "Respondents are not presenting an opposition argument at this time" and further that "[s]hould the Court enter relief, judgment may be entered, and consistent with the 'expeditious resolution' of § 2241

---

[2] Petitioner also seek attorney's fees and costs under the Equal Access to Justice Act (EAJA). (ECF 1 at 21.) To recover prevailing-party fees under the EAJA, counsel must file a separate motion for such fees within thirty days of final judgment in the action. *See* 28 U.S.C. § 2412(d); *Perez-Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002). The Supreme Court recently granted certiorari to decide if the EAJA applies to an action seeking a writ of habeas corpus to challenge civil immigration detention. *See Palacios v. Liggins*, No. 25-1223, 2026 WL 1855057, at *1 (U.S. June 29, 2026).

Immigration Petitions required by the General Order, no more filings or proceedings will be necessary in this matter." (ECF 8 at 2.) The Court thus construes the relief requested in the § 2241 petition as unopposed.[3] Though the deadline for Petitioner's optional reply has not passed, given Respondents' statement that they are not presenting an opposition argument, the Court acts ahead of any such reply to avoid delay of relief.

**ORDER**

For the reasons set forth above, **IT IS ORDERED** that Judgment shall be entered (1) granting the petition; (2) ordering Respondents to immediately release Petitioner **Walter Alexander Paiz Rios (A# 246-324-372)** from immigration custody under appropriate conditions of supervision.

DATED: August 13, 2026

HONORABLE STEPHANIE S. CHRISTENSEN
UNITED STATES MAGISTRATE JUDGE

---

[3] "In our adversarial system of adjudication, we follow the principle of party presentation" meaning that "in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (citation modified). Further, "as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *Id.* at 375–76 (citation modified).